UNITED STATES DISTRICT COU8RT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFF PAUL, MARGARET PAUL, JIM FLECK, AMY FLECK, PPS ADVERTISING INC., INTERNATIONAL PROFIT SYSTEMS INC., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AVIVA LIFE AND ANNUITY COMPANY, (formerly AMER US LIFE INSURANCE COMPANY, AVIVA LIFE INSURANCE COMPANY, and INDIANAPOLIS LIFE INSURANCE COMPANY),<br><br>Defendant. | No. 09-1038<br><br>Hon. Marvin E. Aspen |

**MEMORANDUM ORDER AND OPINION**

MARVIN E. ASPEN, District Judge:

Plaintiffs bring this action against Defendant, Aviva Life and Annuity Company, (formerly Amer US Life Insurance Company, Aviva Life Insurance Company and Indianapolis Life Insurance Company) ("Indianapolis"), alleging violations of 18 U.S.C. §§ 1962(a)-(d), negligent misrepresentation, fraudulent concealment, breach of fiduciary duty, and civil conspiracy. (Compl. ¶ 6.) Indianapolis has moved to stay proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on its motion seeking transfer to MDL No. 1983. (Mot. Ex. 3.)

"A court has the inherent discretionary power to control the disposition of cases on its docket." *Terkel v. AT&T Inc.*, No. 06 C 2837, 2006 WL 1663456, at *1 (N.D. Ill. June 9, 2006);

1

*see also Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 165 (1936); *Employers Ins. of Wausau v. Shell Oil Co.*, 820 F.2d 898, 902 (7th Cir. 1987). This authority includes the power to stay a case. *Stone v. INS*, 514 U.S. 386, 411, 115 S. Ct. 1537, 1552 (1995). In deciding whether to grant a stay pending the JPML decision to transfer a case to an MDL, courts consider: (1) whether judicial economy favors a stay; (2) the potential prejudice to the non-moving party; and (3) any hardship or inequity to the moving party if the case is not stayed. *See Terkel*, 2006 WL 1663456, at *1; *Walker v. Merck & Co., Inc.*, No. 06 C 2837, 2005 WL 1565839, at *1 (S.D. Ill. June 22, 2005); *Bd. of Trs. of the Teachers' Ret. Sys. of the State of Ill. v. WorldCom, Inc.*, 244 F. Supp. 2d 900, 905-06 (N.D. Ill. 2002).

Judicial economy favors a stay in this case. As Indianapolis points out, if we allow this case to continue despite the its motion to transfer to an MDL currently pending before the JPML, we "run the risk of expending valuable judicial resources familiarizing [our]self with the intricacies of a case that may be coordinated or consolidated for pretrial purposes in another court." (Def.'s Mem. at 7); *see also WorldCom*, 244 F. Supp. 2d at 905. Similarly, a stay would conserve judicial resources by avoiding duplicative litigation. If the JPML transfers this action, we will no longer have jurisdiction over pre-trial matters and this court would have wasted judicial resources by addressing various pre-trial motions that could have been resolved in the transferee court.

Although Plaintiffs attempt to argue that they will be prejudiced if we grant the stay, they spend much of that argument explaining how their case is different from others in the MDL case and how they would be prejudiced and inconvenienced if this case were transferred. (Opp'n at 3-11.) They suggest that because the JPML is not likely to grant Indianapolis's motion to transfer, a stay is unnecessary. (*Id.* at 8 ("This potential inconvenience and prejudice means the

case is unlikely to be transferred and that it need not be stayed.").) However, the issue before us is not whether the JPML will or should transfer this case, but whether a stay is appropriate while the JPML decides that issue. If this case is transferred to Texas, it will not be because we granted the stay, but because the JPML determined that consolidation serves the interests of convenience, justice and efficiency. 28 U.S.C. § 1407(a). Moreover, the potential prejudice to the Plaintiffs is minor because the stay would likely be brief. Indianapolis's motion is fully briefed before the JPML, and we anticipate that it will render its decision in relatively short order. Further, this case has only been pending for five months and discovery has yet to begin. Accordingly, any potential prejudice appears to be minimal.

Turning to the final factor, we find that Indianapolis could suffer a hardship if a stay is denied. Indianapolis points out that Plaintiffs would most likely depose some of the same people that have been or are being deposed in the MDL, which would require them to appear "multiple times in different jurisdictions." (Def.'s Mot. at 10); *see also Arthur-Magna, Inc. v. Del-Val Fin. Corp.,* No. 90-4378, 1991 WL 13725, at *1-2 (D.N.J. Feb. 1, 1991) (granting a motion to stay pending the JPML's motion to transfer and reasoning that "if separate discovery were to go forward, much work would be duplicated"). Additionally, if the JPML grants the motion to transfer, Indianapolis potentially could be faced with conflicting decisions on similar pre-trial issues from this court and the transferee court if we were to decline the stay and continue the litigation. Finally, if we allow this case to continue, discovery could begin before the JPML decides the motion, forcing Indianapolis to participate in duplicative discovery. These burdens demonstrate clear hardships weighing in favor of staying this action until the JPML renders its decision.

Having considered the necessary factors, we conclude that the interests of judicial economy and hardship to Indianapolis outweigh any potential prejudice the Plaintiffs would suffer by granting the stay.

## CONCLUSION

For the reasons stated above, we grant Indianapolis's motion to stay. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Date: July 27, 2009